**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KENNETH KELLEY,

    Defendant.
_____/

No. CR 05-0125 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS**

Defendant Kenneth Kelley's ("Kelley") motion to suppress came before the court for a hearing on June 8, 2005. At the hearing, the court GRANTED Kelley's motion in part, as set forth on the record and summarized below.

## INTRODUCTION

On March 3, 2005, Kelley was indicted for violation of 18 U.S.C. § 2252A(a)(2), possession of child pornography, and § 2252A(a)(5)(B), receipt of child pornography. On May 4, 2005, Kelley filed the instant motion in which he sought to suppress the physical evidence arising from a November 23, 2004 search of his email account with America Online ("AOL"), and related screen names.

## BACKGROUND

The charges against Kelley stem from a German investigation of a German citizen, Herbert Mumenthaler. On November 11, 2003, German police executed a search warrant at Mumenthaler's residence in Dusseldorf, Germany, resulting in a seizure of Mumenthaler's computers. German authorities conducted a forensic analysis of the computers and discovered twenty-five outgoing emails and four hundred fifty incoming emails that contained child pornographic attachments. Many of the email addresses found on Mumenthaler's

1  computers originated in the United States.  11/23/04 Affidavit in Support of Search Warrant at
2  par. 5.
3       Among the emails discovered on Mumenthaler's computers, which originated in the
4  United States, were four containing the screen name "Gay1Dude."  Further analysis "revealed
5  that 'Gay1Dude' received four emails containing child pornographic attachments." 11/23/04
6  Affidavit in Support of Search Warrant at par. 8.  However, it is not clear whether those four
7  emails were recovered in Mumenthaler's outgoing or incoming emails, or where on
8  Mumenthaler's computer they were in fact recovered.
9       The four emails were sent to "Gay1Dude" by senders with four different screen names,
10 including "Krefi," "Xpicssix," "Picasso10532884," and "RIMMER1212."  All of the four emails
11 contained child pornographic attachments.  However, as Kelley has noted, three of the four
12 emails were inexplicably dated following the seizure of Mumenthaler's computer.[1]
13      Subsequently, the German authorities forwarded a list of the email addresses
14 originating in the United States, as discovered on Mumenthaler's computer, to United States
15 Immigration and Customs Enforcement ("ICE") in Frankfurt, Germany.  Frankfurt ICE then, on
16 June 25, 2004, approximately seven months after German authorities' seizure of
17 Mumanthaler's computers, forwarded the information to ICE Cyber Crimes in Virginia.
18 Several days later, on June 30, 2004, ICE issued a customs summons to AOL for subscriber
19 information concerning 108 AOL screen names discovered on Mumenthaler's computer
20 originating in the United States.
21      On July 23, 2004, AOL returned to ICE the information requested in the customs
22 summons regarding the screen names originating in the United States.  AOL confirmed that
23 the screen name "Gay1Dude" was registered to defendant Kelley and was active.  It further
24 provided seven additional screen names associated with Kelley's AOL account, and

---

[1] The first email, sent by "Krefi" to "Gay1Dude" was dated October 26, 2003.  Two others, sent by "Xpicssix" and "Picasso10532884" were dated November 25, 2003, two weeks after the November 11, 2003 seizure of Mumenthaler's computer, and one more sent by "RIMMER1212" was dated November 27, 2003.

confirmed a recent login, from July 18, 2004, utilizing one of Kelley's screen names. Thereafter, on September 29, 2004, ICE agent and affiant, Michael Allen, confirmed that the credit card used to pay for the AOL account was owned by defendant Kelley.

On November 23, 2004, ICE agents obtained a search warrant from a magistrate judge for Kelley's AOL account(s) associated with the eight screen names referred to above. In January 2005, AOL returned information based on the 11/23/04 search warrant regarding Kelley's AOL account, which revealed more than 500 images of child pornography sent and/or received by Kelley. It is this evidence associated with the 11/23/04 AOL search warrant that Kelley seeks to suppress.

Subsequently, on February 10, 2005, "as a result of the information seized from AOL regarding Kelley's AOL accounts, [a] Magistrate Judge [] authorized a[n] . . . arrest and search warrant for Kelley and Kelley's residence." Govt's 5/18/05 Opposition at 6. Pursuant to the second warrant, agents seized Kelley's computer and additional child pornography discovered at Kelley's residence.

## ISSUES

In the instant motion, Kelley contends that the 11/23/04 search was unlawful because (1) there was insufficient probable cause supporting the search warrant; (2) the information in the search warrant affidavit was stale; and (3) the search warrant was overbroad and lacked particularity. Kelley also argues that this court should conduct a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because the affiant's statements were recklessly made.

The government argues that even if this court were to determine that there was not sufficient probable cause to support the 11/23/04 search warrant, the good faith exception to the exclusionary rule applies under *United States v. Leon*, 468 U.S. 897 (1984).

////
////

## DISCUSSION

For the reasons set forth on the record, and summarized below, this court GRANTS Kelley's motion because there was not sufficient probable cause to support the 11/23/04 search warrant, the information supporting the warrant was stale, and *Leon*'s good faith exception is not applicable.

**I.    Lack of Probable Cause**

The sworn affidavit in support of a search warrant must establish probable cause. Fed.R.Crim.P. 41(d)(1). The test to be applied is whether, using common sense and considering the totality of the circumstances, a magistrate judge can reasonably conclude that there is a "fair probability" that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[A] magistrate judge must look to the totality of the circumstances to determine whether the supporting affidavit establishes probable cause." *United States v. Alvarez*, 358 F.3d 1194, 1203 (9th Cir. 2003).

In concluding that probable cause is lacking, this court has considered the authorities cited by the parties, considering especially the Ninth Circuit's decisions in *United States v. Gourde*, 382 F.3d 1003 (9th Cir. 2004) (affidavit in support of search warrant lacked sufficient indicia of probable cause because it contained no evidence that defendant actually downloaded or otherwise possessed child pornography); *United States v. Hay*, 231 F.3d 630 (9th Cir. 2000) (upholding search warrant where supporting affidavit established that defendant had actually received via direct digital transfer nineteen images of child pornography); *United States v. Lacy,* 119 F.3d 742 (9th Cir. 1997) (concluding that probable cause existed because there was sufficient evidence demonstrating defendant's actual possession of child pornography where affidavit stated that defendant had actually downloaded at least two images); and *United States v. Weber*, 923 F.2d 1338, 1342 (9th Cir. 1990) (warrant lacked sufficient probable cause that child pornography would be discovered).

First, contrary to the government's characterization of Kelley in its papers, there was no evidence at the time the 11/23/04 search warrant was issued that demonstrated an "exchange" or "trade" of child pornography between Kelley and Mumenthaler – as opposed to

4

simply the receipt of four emails and attachments by Kelley's AOL account. Instead, all that was known to the government at the time that the search warrant was issued was that emails to Kelley, which originated from four separate senders, somehow "ended up" on Mumenthaler, an active trader's computer. The government provided no technical explanation for how this occurred. This court – and the magistrate judge – were given no information regarding whether the offending images were attached to emails from one of the four separate senders to Mumenthaler with a copy to Kelley; or whether the images were attached to emails from Mumenthaler to one of the four senders with a copy to Kelley; or whether the senders or Mumenthaler forwarded emails received from each other to Kelley; or some other scenario entirely. What is lacking is a direct connection between Kelley and Mumenthaler, the known trafficker, which, had it existed and been presented to the magistrate judge, could have provided sufficient indicia of probable cause.

Additionally, there was no evidence that the owners of the four email addresses that sent the pornography to Kelley were themselves active traders or traffickers in child pornography, or that the four other senders were connected to Mumenthaler. Finally, there was no evidence that Kelley had opened or downloaded the pornographic images attached to the four emails. Based on the information provided to the magistrate judge and to this court, Kelley could have simply been copied on, or the recipient of, a forwarded email exchange between two other people – without his knowledge. In the absence of evidence that Kelley solicited the images or of a direct connection between Kelley and a known child pornography trafficker, receipt by Kelley's email account of four offending emails is not sufficient for a finding of probable cause.

Although the government now claims to have more information in support of probable cause, this court looks to what was presented to the magistrate judge at the time the warrant was issued. "In reviewing the magistrate's decision that probable cause existed, [this court is] limited to the information contained within the four corners of the affidavit[] supporting the application for the search warrant." *United States v. Huguez-Ibarra*, 954 F.2d 546, 552 (9th

Cir. 1992); *see also United States v. Taylor*, 716 F.2d 701, 705 (9th Cir. 1983).  Like the Ninth Circuit in *Gourd*, this court concludes that probable cause is lacking because the affidavit underlying the search warrant here "fail[ed] to draw the crucial link between [Kelley's] having some attenuated connection to child pornography and his actually possessing it." 382 F.3d at 1010.

## II.  Staleness

"An affidavit must be based on facts 'so closely related to the time of the issue of warrant as to justify a finding of probable cause at that time." *Lacy*, 119 F.3d at 745 (citing *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968)).  However, "the mere lapse of time is not controlling." *Id.*  Staleness is "evaluate[d] in light of the particular facts of the case and the nature of the criminal activity and property sought." *Id.*

Here, the search warrant affidavit does not adequately justify the continuing validity of the information concerning Kelley in light of the fact that almost a year had passed before the warrant was issued.  While the government explains that six months of the delay was caused by the German authorities' delay in forwarding the information to ICE, this nonetheless does not adequately justify why the information had not gone stale as to Kelley.  The affidavit contained no information, for example, supporting a finding that Kelley could be considered a child pornography hoarder, or that his receipt of child pornography was ongoing.  *Cf. Hay*, 231 F.3d at 636 (Ninth Circuit declined to institute rule that all child pornographers keep pornography collections indefinitely, but found warrant still viable despite a 10-month delay, noting "good reasons" to believe that images downloaded previously would remain on the defendant's computer based on specific allegations in the affidavit by an affiant with specialized knowledge of the subject).  The affiant in this case appears to have had limited experience with these types of cases, and the affidavit contains no allegation in support of a finding that the images were likely to be found on Kelley's computer a year later.

## III.  Good Faith Exception

6

Even if an affidavit lacks sufficient evidence on which to find probable cause, the court may nevertheless apply the good faith exception if an objectively reasonable basis existed that the warrant was valid. *Leon*, 468 U.S. at 923. "It is necessary to consider the objective reasonableness not only of the officers who eventually executed a warrant, but also of the officers who originally obtained it." *Gourde*, 382 F.3d at 1013 (quoting *Leon*, 468 U.S. at 923 n.24). In both *Lacy* and *Weber*, the Ninth Circuit declined to apply the good faith exception where "the officers felt little or no time pressure to conduct the search of [the defendant's] residence," and where the officers had waited several months to obtain the warrant. *See Gourde*, 382 F.3d at 1014 (discussing *Lacy* and *Weber*).

Here, the government has not shown any exigent circumstances requiring immediate execution of the warrant. Nor has it explained the failure to investigate the misleading chronological information associated with the four emails discovered on Mumenthaler's computer. There was also no indication of ongoing activity in the affidavit.

Because the government was not operating under time pressure, could have conducted further investigation to determine the nature of the date discrepancies, and could have conducted further investigation to corroborate whether the information as to Kelley remained viable in light of the 12 month delay, the good faith exception does not apply. *Gourde*, 382 F.3d at 1013-14 (failure to examine computer or otherwise provide corroborating evidence in child pornography case objectively unreasonable and sufficient to defeat *Leon* exception).

**IV.     Particularity/Overbreadth of Warrant**

For the reasons stated on the record, this court rejects Kelley's argument that the warrant was overbroad. Had sufficient probable cause existed to search the screen name "Gay1Dude," then there would have also been sufficient probable cause to search the other screen names associated with Kelly.

**V.     Request for *Franks* Hearing**

7

There is "a presumption of validity with respect to the affidavit supporting [a] search warrant." *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). However, in *Franks*, the Supreme Court held that:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. at 155-56.

A *Franks* hearing is held to investigate the veracity of the affiant. *United States v. Dozier*, 844 F.2d 701, 704 (9th Cir. 1988).

A party moving for a *Franks* hearing bears the burden of proof and must make a substantial showing to support the elements entitling him to a *Franks* hearing. *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). There is a five-prong test that must be met in the Ninth Circuit in order for a defendant to receive a *Franks* hearing: (1) the defendant must make specific allegations that indicate the portions of the warrant claimed to be false; (2) there must be a contention of deliberate falsehood or reckless disregard for the truth; (3) the allegations must be accompanied by a detailed offer of proof, preferably in the form of affidavits; (4) the offer of proof must challenge the veracity of the affiant, not that of his informant; (5) the challenged statements in the affidavit must be necessary to a finding of probable cause. *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983).

Kelley suggests that he is entitled to a *Franks* hearing because the government's failure to reconcile the date inconsistency associated with the four emails and the affiant's characterization of the emails as "received," when there was no evidence of actual personal receipt (i.e., the opening or downloading of the attachments to the emails) by Kelley, constituted reckless disregard for the truth. For the reasons stated on the record, this court rejects Kelley's arguments and denies his request for a *Franks* hearing.

## CONCLUSION

For the reasons stated on the record and as set forth above, this court GRANTS Kelley's motion to suppress evidence obtained in conjunction with the 11/23/04 search of his AOL account(s) because probable cause was lacking and because the information in the search warrant affidavit was stale. Additionally, the court finds the good faith exception inapplicable under the circumstances of this case.

**IT SO ORDERED.**

Dated: June 17, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge